## H. F. Keathley and Sallie Keathley v. W. L. Stump and J. H. Stump.

(Decided March 7, 1912.)

### Appeal from Pike Circuit Court.

1. Summons—Service of—Parties.—Where a summons designated the plaintiffs by their firm name rather than that of the individual members composing the firm, and the defendants appeared, the summons served every purpose that it was intended by the Code it should.

2. Same—Place of Service.—A transitory action having been brought in Pike County and one of the defendants being served there, the plaintiff had a right to send an alias summons to an adjoining county for the other defendant, such proceeding being expressly authorized by section 80 of the Code.

YORK & JOHNSON and ROSCOE VANOVER for appellants.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

W. L. and J. H. Stump, doing business under the firm name of W. L. Stump & Son, instituted a suit in the Pike Circuit Court against H. F. Keathley and Sallie Keathley, his wife, in which they sought to recover of them $216.41, with interest and costs, same being the amount of a judgment procured against the same defendants in the court of a justice of the peace of Webster County, West Virginia. Summons was issued upon this suit and served upon H. F. Keathley in Pike County. An alias summons was issued to Letcher County and was there served upon Sallie Keathley. An attachment was likewise issued and levied upon certain lands owned by the defendants in Letcher County. The defendants appeared and, by counsel, moved to quash the summons. This motion being overruled, they filed a general demurrer to the petition, which was likewise overruled. They thereupon declined to plead further and judgment was rendered against them for the amount of the debt sued for. The attachment was sustained and the land ordered sold in satisfaction of the debt, interest and costs.

It is insisted, first, that the court erred in refusing to quash the summons. This motion should not have prevailed, for the reason that the purpose of a summons is to notify the defendants of the pendency of the suit in order that they may have opportunity to appear and defend or take such steps as they desired looking to the protection of their interests; and inasmuch as the defendants in this case did appear, the summons served every purpose that it was intended by the Code it should. The particular objection is that it ran in the name of W. L. Stump & Son rather than W. L. Stump and J. H. Stump, doing business under the firm name of W. L. Stump & Son.

In Northern Bank of Kentucky v. Hunt's Heirs, 93 Ky., 67, it was held that a summons against Thomas H. Hunt & Co., was not void, although Thomas H. Hunt alone was the defendant. The addition of the words ''and company'' did not invalidate it.

Again, in Bryant & Green v. Mack, Stadler & Co., 19 Rep., 744, the identical question here raised was before the court. There the summons as to both plaintiffs and defendants ran in the name of the firm rather than the individual members composing the firm. Upon con-

sideration the court held that it was immaterial, as the object of the summons was to notify the defendant that the action had been instituted against him and that judgment would be taken unless defense was made, and inasmuch as the summons which was issued was actually served upon the proper parties and they had an opportunity to defend, the fact that it was issued in the firm name againset them rather than in their individual names, doing business as a firm, did not invalidate the service.

Here the summons designated the plaintiffs by their firm name rather than by that of the individual members composing the firm, but the petition stated fully who composed the firm, and when plaintiffs responded to answer to that petition they were advised as to who composed the firm of W. L. Stump & Son as fully as though the names had been set out at length in the body of the summons.

The return on the summons to Pike County is also attacked. It was served by a special deputy, appointed for that purpose pursuant to sub-section 2 of section 47 of the Code, and the return made by the special bailiff conforms strictly to the requirements of section 49.

It is next insisted that, as the land which was attached lies in Letcher County, the suit should have been brought in that county rather than in Pike. The action is transitory and could have been brought in any county in which service of process could be had. Having been brought in Pike, and one of the defendants having been served there, the plaintiff had a right to send an alias process to an adjoining county for the other defendant, such proceeding being expressly authorized by section 80 of the Code. This disposes of the objection to the validity of the summons and the service thereof.

The only remaining question is, did the petition state a good cause of action? It alleges, and the demurrer admits to be true, the following state of facts: That a suit was instituted against these defendants in the court of a justice of the peace in Webster County, West Virginia; that summons was issued thereon; that they were duly summoned in time for judgment, and that judgment was duly rendered in said justice's court against them for the amounts set out in the petition; and that the said court and justice had jurisdiction of the subject-matter and of the parties. This was certainly a

sufficient allegation of the existence of the said judgment to support the petition. The point is made in brief that the judgment is not certified as the law directs. This point could only have been raised by answer or by objection to the introduction of the papers purporting to be a certification of the judgment when offered in evidence; and even if the certification was defective, defendants by their demurrer concede every point essential to make out for plaintiffs a perfect case. Upon this state of the record the court did not err in overruling the demurrer.

Judgment affirmed.